JUSTICE COATS,
concurring in part and concurring in the judgment.
¶69 Because I agree with the majority that a common interest community cannot be created in this jurisdiction without including any real property, that property cannot be added to a common interest community by the de-clarant without amending the declaration as required by statute, and that summary judgment was properly granted against the homeowners association on its claim of unjust enrichment, I concur in part and in the judgment of the court. I do not, however, agree that upon conveying a property identified as “annexable” in the recorded Declaration of Covenants, Conditions and Restrictions of Countryside Community Association (the “CCR”), and recording the deed conveying that property, the CCR, the recorded plat describing that property, and the deed itself constituted a declaration, creating a common interest community within the contemplation of the Colorado Common Interest Ownership Act, §§ 38-33.3-101 to -402, C.R.S. (2016).
¶70 For the reasons given by the majority, I do not believe a common interest community was created by recording the CCR and plat of annexable property alone. I would, however, more straightforwardly find that the requirement of section 38-33.3-205(l)(e), that a declaration creating a common interest community must contain a legally sufficient description of the real estate included in that community, necessarily implies that the community contain some real estate. Notwithstanding referring to itself as a declaration, an instrument purporting to create a common interest community but indicating that the community includes no real estate simply fails, on its face, to accomplish that purpose, and therefore cannot constitute a declaration within the meaning of the Act.
¶71 The majority apparently concedes the obvious point that property cannot be annexed to a common interest community that does not exist, regardless of the terms of a purported declaration; but it nevertheless appears to hold that a document describing a method for annexing property to a common interest community, in conjunction with the annexation of some property in the manner described, actually creates the community, to which other annexablé property can then be added. With this creative proposition I cannot agree. Some real estate must be sufficiently described in a recorded declaration as being included in the community for the community to be created in the first place. I do not believe that a document describing a method for bringing property into a common interest community can meaningfully be said to comply with this statutory requirement at some point in the future when that method is put into use, any more than I believe common interests can be said to have been reallocated by a formula specified in a declaration for reallocating those interests in the event more units are added in the future. Cf. Ryan Ranch Cmty. Ass’n v. Kelley, 2016 CO 65, 380 P.3d 137 (Coats, J., specially concurring). I would especially find this to be the case where the document purporting to create a common interest community continues to facially describe the community as including no properties whatsoever.
*835 ¶72 For these reasons as well as those articulated in my separate opinion in Ryan Ranch,:I believe not only that the statutory scheme fails to contemplate the creation of a shell common interest community, including no real estate whatsoever, but also that a common interest community does not spring into being upon the recording of a deed conveying “annexable” property described in a document purporting to create such a shell community.
¶73 I therefore concur in part and in the judgment of the court.
I am authorized to state that JUSTICE EID and JUSTICE MÁRQUEZ join in this concurrence in part and concurrence in the judgment.